UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LEE WASHINGTON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: |
| | * | |
| ASHLAND MARINE, L.L.C. | * | SECTION: |
| KILGORE MARINE, L.L.C. and | * | |
| STONE ENERGY CORPORATION | * | |
| | * | MAGISTRATE: |
| | * | |
| * * * * * * * * * * * * * * * | | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes LEE WASHINGTON, a person of full age of majority and a resident of the State of Louisiana at all times pertinent hereto, and for his Complaint, he respectfully avers as follows:

1.

## JURISDICTION

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1333. In the alternative, the Court has federal question jurisdiction pursuant to 28 U.S.C. 1331.

2.

Made defendants herein are:

1. ASHLAND MARINE, L.L.C., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of the plaintiff.

2. KILGORE MARINE, L.L.C., on information and belief, a corporation authorized to

1

    do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of the plaintiff and/or the owner and/or owner *pro hac vice* and/or the operator of the M/V K MARINE VII.

3.     STONE ENERGY CORPORATION, on information and belief a foreign corporation who at all times pertinent hereto was authorized to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court and at all times pertinent hereto the owner and/or operator of a drilling rig located in MC 109 in the Gulf of Mexico.

3.

LEE WASHINGTON was at all times mentioned herein an employee of ASHLAND MARINE, L.L.C. and/or KILGORE MARINE, L.L.C. and a member of the crew of the M/V K MARINE VII, vessel owned and/or operated by KILGORE MARINE, L.L.C., a defendant herein, performing his duties as a seaman aboard said vessel, working in the interest of said defendants, which defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. Appx. § 688 (now 46 U.S.C. § 30104) and pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution for the following reasons:

## **FIRST CAUSE OF ACTION**

4.

On or about February 2, 2011, Plaintiff was employed as a seaman aboard the M/V K MARINE VII, a vessel owned and/or operated by defendant, KILGORE MARINE, L.L.C., which vessel was in the navigable waters of the United States. On that date, plaintiff was performing his assigned duties as a seaman aboard the vessel. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or the unseaworthiness of the vessel, plaintiff was caused to sustain severe and disabling injuries while in the process of offloading a 4" mud hose from the M/V K MARINE VII to a drilling rig located in MC 109 in the Gulf of Mexico.

5.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;

2. Failure to provide a safe, prudent crane operator to operate the crane of the drilling rig located in MC 109 in the Gulf of Mexico;

3. Failure to adequately supervise plaintiff and the other rigging personnel concerning this operation;

4. Failure to conduct an adequate job safety analysis ("JSA") to address and remedy or otherwise mitigate the dangers associated with the task of offloading a new coiled 4" mud hose from the vessel to the rig;

5. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

6. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

6.

Solely by reason of the negligence of the defendants and unseaworthiness of the aforenamed vessel, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to the following: possible ruptured and/or herniated disks, as well as other injuries to his bones, muscles and joints, organs and tissues among other component parts of his spine. As a result thereof, plaintiff has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

7.

As a result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendants herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, plus legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

### SECOND CAUSE OF ACTION
### MAINTENANCE AND CURE

8.

Plaintiff repeats and re-alleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned

injuries which plaintiff received aboard the vessel, he was rendered unfit for duty as a seaman from the date of the accident, on or about February 2, 2011.

9.

Pursuant to the General Maritime Laws of the United States of America, the defendants owed the absolute and non-delegable duty to provide plaintiff with maintenance and cure benefits from the date of his injury until full recovery.

10.

Thus, the defendants are indebted unto the plaintiff for maintenance and cure benefits in the amount of FIFTY ($50.00) DOLLARS per day from February 2, 2011, until he has fully recovered from his injuries, or such amount as plaintiff proves to be legally entitled to, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

11.

In addition, the defendants have refused and/or failed to timely pay plaintiff's maintenance and cure benefits.  The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious and/or otherwise without cause.  As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition. As a result thereof, the defendants are liable unto the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009).

**WHEREFORE**, LEE WASHINGTON prays that his Complaint be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein:

1. That there judgment in favor of the plaintiff, LEE WASHINGTON, and against the defendants, ASHLAND MARINE, L.L.C., KILGORE MARINE, L.L.C. and STONE ENERGY CORPORATION, in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorneys fees, and all costs;

2. There be a judgment rendered herein in favor of the plaintiff and against the employer defendant(s) for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as plaintiff proves to be legally entitled to, plus interest from the date of occurrence, costs and attorneys fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the plaintiff and against the employer defendant(s) for additional compensatory damages and for punitive damages for the defendants' willful, wanton, arbitrary, capricious, and/or otherwise without cause failure and/or refusal to pay plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

Respectfully submitted,

 /s/ Kristi A. Post
Lawrence Blake Jones  (7495)
Kristi A. Post (17752) - T.A.
SCHEUERMANN & JONES, LLC
701 Poydras Street, Suite 4100
New Orleans, LA  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380

**PLEASE SERVE:**

**ASHLAND MARINE, L.L.C.**
**Through their registered agent for service of process:**
**Paul D. Hale**
**755 Magazine Street**
**New Orleans, LA 70130**

**KILGORE MARINE, L.L.C.**
**Through their registered agent for service of process:**
**Charles A. Kilgore**
**200 Beaulieu Drive**
**Building 8**
**Lafayette, LA 70508**

**STONE ENERGY CORPORATION**
**Through their registered agent for service of process:**
**Andrew L. Gates, III**
**625 E. Kaliste Saloom Road**
**Lafayette, LA 70508**