UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEE WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 11-3175 |
| ASHLAND MARINE, L.L.C., ET AL | SECTION "N" (3) |

## ORDER AND REASONS

Considering the Motion for Summary Judgment by Defendant Stone Energy Corporation ("Stone") **(Rec. Doc. 60)**, the opposition memorandum (Rec. Doc. 63), all materials submitted by the parties, and the applicable law;

**IT IS ORDERED** that the motion is **GRANTED IN PART**, in that it is granted as to any claims brought against Stone under the Jones Act, for maintenance and cure, or for unseaworthiness, and **DENIED IN PART**, in that it is denied as to negligence. Plaintiff does not contest Stone's statement of material facts related to the Jones Act, unseaworthiness, and maintenance and cure claims. However, plaintiff has pointed to language in the Master Time Charter Agreement between Stone (as Charterer) and Kilgore Marine Services, Inc. (as Owner), which suggests that Stone as Charterer retained responsibility for providing replacement bulk cargo hoses and for the loading, handling, and discharging of all cargoes. (Rec. Doc. 60-3 at 12). Given that the accident allegedly occurred during the offloading of a new hose from the vessel to the rig, the Court finds this language sufficient to demonstrate a genuine dispute as to whether Stone retained operational control over the loading operation sufficient to overcome the

general rule against vicarious liability for the acts or omissions of independent contractors.[1]  *See Wallace v. Oceaneering Int'l*, 727 F.2d 427, 436-37 (5th Cir. 1984); *McCormack v. Noble Drilling Corp.*, 608 F.2d 169, 174-75 (5th Cir. 1979).   On summary judgment, the Court "views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor."  *See, e.g., Jenkins v. Cleco Power, LLC,* 487 F.3d 309, 313-14 (5th Cir. 1991).  The Court may not weigh the evidence.  *See, e.g., Vaughn v. Woodforest Bank,* 665 F.3d 632, 635 (5th Cir. 2011).

**IT IS FURTHER ORDERED** that plaintiff's claims against Stone Energy Corporation under the Jones Act, for maintenance and cure, and for unseaworthiness are hereby **DISMISSED**.

New Orleans, Louisiana, this 29th day of July, 2013.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] The underlying question of whether any Kilgore or H&P personnel committed any act of negligence related to the accident is not before the Court.