UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEE WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 11-3175 |
| ASHLAND MARINE, L.L.C., ET AL | SECTION "N" (3) |

**ORDER AND REASONS**

Considering H&P's Motion for Summary Judgment **(Rec. Doc. 80)**, the opposition memoranda (Rec. Docs. 81, 84), the reply memorandum (Rec. Doc. 88), all materials submitted by the parties, and the applicable law;

**IT IS ORDERED** that the motion is **DENIED**. Plaintiff alleges that he was working as a crew member aboard the *M/V K Marine VII* when he sustained a back injury while assisting in a crane lift operation, which involved the unloading of a coiled mud hose from the vessel to a drilling platform. Plaintiff alleges that Helmerich & Payne International Drilling Co. ("H&P") is liable due to the negligence of its employee, the crane operator. In his deposition, plaintiff testified that the load came down on him, that he grabbed the hose to keep the load off of him, and that the load was then jerked up fast, hurting his back. (Rec. Doc. 81-2 at 14-15 of 36). H&P argues that plaintiff's claims against it should be dismissed because plaintiff cannot prove that the crane operator breached any duty of care. In support of this argument, H&P points to the fact that no eye-witnesses corroborate plaintiff's version of events.

No doubt the plaintiff in this case faces serious challenges at trial. His version of events is contradicted by every other witness. However, a plaintiff's testimony need not be corroborated to defeat summary judgment. *See, e.g., C.R. Pittman Const. Co., Inc. v. National Fire Ins. Co. of Hartford,* 453 Fed. Appx. 439, 443 (5th Cir. 2011) ("A party's own testimony is often 'self-serving,' but we do not exclude it as incompetent for that reason alone.... Instead, an affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving."). "In determining whether a case presents triable issues of fact," the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013). Plaintiff has testified that "the load came down on me," "straight down," because the crane operator "was lowering it." (Rec. Doc. 81-2 at 14 of 36). After that, plaintiff testified, "when I grabbed it for the load to come off of me, it went up and that's when I hurt my back." *Id.* at 15 of 36. "It went up fast. It jerked me and it hurt me.... I had grabbed it, yes, and it went up. It went out of my hand, because it pulled up fast...." *Id.* On summary judgment, the Court may not weigh this testimony against that of other witnesses, but rather, must draw all reasonable inferences in the plaintiff's favor.

H&P also relies heavily on plaintiff's deposition answers stating (1) that he was unaware of anything improper or unsafe in the offload operation and (2) that he could not see the cab of the crane. *See* Rec. doc. 81-2 at 16 of 36 and 21 of 36. If plaintiff could not see the cab, H&P argues, then the operator could not have seen the deck, would not have been able to see whether

anyone was in direct contact with the load, and would have been forced to rely on instructions from personnel on deck. Therefore, according to H&P, its crane operator could not have been negligent. These arguments fail for at least two reasons.

First, plaintiff's testimony (that he did not "know of" anything improper and did not have a "fear that something was being done unsafe") is simply evidence. Plaintiff, a seaman, was asked if he knew of anything improper or had a fear something was being done that was unsafe in the lift operation, and he answered "No." (Rec. Doc. 81-2 at 16 of 36). Even if he had opined that the crane operator did nothing wrong (which he did not), it would not be a judicial admission entitled to conclusive effect.[1]

Second, regardless of plaintiff's testimony that he did not see the cab of the crane, the crane operator has testified that there was never a situation at the Kilgore vessel where he did not have a direct line of sight to the load. (Rec. Doc. 81-3 at 28 of 47). According to the operator, he could see everything. *Id.* at 38 of 47. Although the operator has no recollection of any incident resembling that described by the plaintiff, his testimony regarding line-of-sight could

---

[1] "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's Louisiana, Inc*., 244 F.3d 474, 476 (5th Cir. 2001). It "may not be controverted at trial or on appeal." *Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Id.* It "is conclusive, unless the court allows it to be withdrawn." *Id.* at 477. "A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact." *Id.* at 476. "By contrast, an ordinary evidentiary admission is merely a statement of assertion or concession made for some independent purpose, and it may be controverted or explained by the party who made it." *Id.* at 476-77 (citations and internal quotations omitted). "When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission." *Keller*, 58 F.3d at 1199 n.8 (citing MICHAEL H. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 6726, at 536-37); *see also Siegrist v. Kleinpeter*, 2004 WL 797723 *2 (E.D. La. 2004) (Vance, J.) ("The deposition statement by Dr. Kleinpeter is an evidentiary admission, not a judicial admission. There is no indication that he made the statement as a formal concession with the intention of relieving plaintiff of the burden of proving the standard of care."); *cf. Crompton Greaves, Ltd. v. Shippers Stevedoring Co.,* 776 F. Supp. 2d 375, 392 n.11 (S.D. Tex. 2011).

support a reasonable jury in finding negligence if they also credit plaintiff's testimony regarding the lowering of the load onto plaintiff and the jerking of the load upward while plaintiff was in direct contact with it. This creates a genuine dispute of material fact, which precludes entry of summary judgment.

New Orleans, Louisiana, this 14th day of August, 2013.

                                               **KURT D. ENGELHARDT**
                                               **UNITED STATES DISTRICT JUDGE**